IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

BILLY J. HUFFMAN,

                Plaintiff,

v.                                            Case No. 2:20-cv-04079-NKL

UNITED STATES OF AMERICA,
DEPT. OF VETERANS AFFAIRS,

                Defendant.

## ORDER

Plaintiff Billy J. Huffman moves for reconsideration of the Court's October 28, 2021 order granting summary judgment to defendant the United States of America, arguing that Defendant and the Court overlooked his claim for lack of consent. For the reasons discussed below, the motion for reconsideration, Doc. 53, is denied.

### I. PROCEDURAL BACKGROUND

Mr. Huffman filed an administrative claim dated May 31, 2019 with the U.S. Department of Veterans Affairs. In the section of the form for "Basis of Claim," Mr. Huffman wrote:

> Went to VA Hospital, Columbia, MO, 9-17-19 to get check for pressure in my eyes. Right eye was at 30 before I went in. They done some type of surgery to get the pressure down. Went back not sure two or three days later to get it checked. Pressure 37. Went back in a few weeks and by that time I cannot see good out of my right eye. I will say I am 95 percent blind in that eye. To me, they did not know what they were doing. Dr. Turner and two residents she said was going to let one do the surgery and I said no, I don't want no experiment. She said, we don't experiment. Well, I am blinded in that eye.

The administrative claim was denied on November 15, 2019.

On May 13, 2020, Mr. Huffman filed this action.

Defendant moved to dismiss the action for lack of subject matter jurisdiction, or in the alternative, for summary judgment. The Court denied the motion to dismiss, but granted the motion for summary judgment as to the action on October 28, 2021.

On November 29, 2021, Mr. Huffman moved for reconsideration, arguing that the Court improperly dismissed his claim for lack of consent.

## II. STANDARD

A motion for reconsideration like the one before the Court typically is construed as arising under Rule 59(e). "Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quotation marks and citation omitted). Nonetheless, the Court has "broad discretion in determining whether to grant a motion to alter or amend judgment . . . ." *Glob. Network Techs., Inc. v. Reg'l Airport Auth. of Louisville & Jefferson Cty.*, 122 F.3d 661, 665 (8th Cir. 1997).

## III. DISCUSSION

Plaintiff argues that the Court should reconsider its order granting Defendant summary judgment because Defendant, and the Court, purportedly overlooked Huffman's claim for lack of consent.

Putting aside the fact that the purported claim for lack of consent was not clearly pleaded, and Mr. Huffman did not mention the claim in arguing against Defendant's motion for summary judgment, reconsideration is not warranted because (1) Mr. Huffman did not exhaust his administrative remedies with respect to a lack-of-consent claim, and (2) Mr. Huffman failed to present sufficient evidence to make a *prima facie* lack-of-consent claim.

### A. Whether Mr. Huffman Exhausted His Administrative Remedies with Respect to the Claim for Lack of Consent

Federal Rule of Civil Procedure 12(h)(13) requires the Court to dismiss an action if "at any time" the Court determines that it lacks subject-matter jurisdiction. "The burden of proving subject matter jurisdiction falls on the plaintiff." *V S Ltd. P'ship v. Dep't of Housing and Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000).

The doctrine of sovereign immunity shields the federal government and its agencies from suit in the absence of a waiver. *Dep't of the Army v. Blue Fox*, 525 U.S. 255, 260 (1999). However, "Congress, of course, has waived its immunity for a wide range of suits, including those that seek traditional money damages." *Id.* The Federal Tort Claims Act ("FTCA") represents one such waiver. *Id.* The FTCA waives sovereign immunity as to tort claims against the United States relating to "negligent or wrongful act[s] or omission[s] by any employee of the Government while acting within the scope of his office or employment" where "the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency . . . ." 28 U.S.C.S. § 2675.

A claim cannot satisfy the notice requirement in the FTCA unless it provides "sufficient information for the agency to investigate the claims . . . ." *Farmers State Sav. Bank v. Farmers Home Admin., Div. of United States Dep't of Agric.*, 866 F.2d 276, 277 (8th Cir. 1989). "Sufficient information" includes "the nature of the claims." *Id.*

The administrative claim that Mr. Huffman submitted did not mention or otherwise give notice of a claim for lack of consent. Plaintiff argues that Mr. Huffman's *pro se* statement that "[t]hey done some type of surgery to get the pressure down" indicates that Mr. Huffman, not having known the name of the surgery, could not have consented to it, and that this fact gave notice of the lack-of-consent claim. But there is no suggestion in the administrative claim that Mr.

Huffman withheld his consent to the procedure at issue. The closest Mr. Huffman came was in saying, "Dr. Turner and two residents she said was going to let one do the surgery and I said no, I don't want no experiment." But the next line states, "She said, we don't experiment," indicating that the doctor addressed Mr. Huffman's concern. There is no indication that Mr. Huffman thereafter objected or otherwise withheld consent to the procedure. There is, in short, no fact suggesting that Mr. Huffman did not consent to the procedure.[1]

In the absence of any facts in the administrative claim suggesting lack of consent, the Court cannot but find that the administrative complaint did not give notice of a lack-of-consent claim. *See Allen v. United States*, 590 F.3d 541, 544 (8th Cir. 2009) (holding that administrative claim that "alleged only that [claimant] had 'presented many times from 1997 to 2005 to the air force base medical personnel' and that 'no test for Hepatitis was ordered' . . . did not make out a lack of informed consent claim"); *Parisi v. Boeing Co.*, 400 F.3d 583, 585-86 (8th Cir. 2005) (finding that plaintiff's mention of "only one incident in which he applied for an open position at Boeing and was rejected" meant that he had not exhausted his administrative remedies with respect to his other applications for job openings at Boeing "[b]ecause a refusal to hire or rehire is a discrete employment action" that is separately actionable); *Beresford v. United States*, No. 16-cv-00056, 2017 U.S. Dist. LEXIS 226933, at *13 (S.D. Iowa Jan. 10, 2017) (noting that *Allen* and other cases "demonstrate that while an administrative claim need not articulate legal theories of recovery that will be later pursued in district court, they *do* need to include a recital of the facts on which those later claims are based"); *Howard v. United States,* No. 16-cv-00687, 2018 U.S. Dist. LEXIS 232619, at **18-19 (E.D. Ark. June 8, 2018) (finding that government was entitled to sovereign

---

[1] Such a deficiency cannot be overlooked merely because Mr. Huffman submitted the administrative claim *pro se*. To hold otherwise would be to render the exhaustion requirement entirely illusory for all *pro se* plaintiffs.

immunity with respect to discrete medical claims that were not mentioned in the administrative claim). As such, the lack-of-consent claim must be dismissed for lack of subject matter jurisdiction.

### B. Whether Mr. Huffman Presented Sufficient Evidence to Withstand Summary Judgment as to a Lack-of-Consent Claim

Even if the Court had subject matter jurisdiction over the lack-of-consent claim, the Court would have granted summary judgment to Defendant on the claim because Plaintiff has not presented a submissible case. Alongside his reply in support of his motion for reconsideration, Mr. Huffman submitted a new affidavit containing facts specific to his lack-of-consent claim. Doc. 61-1. Mr. Huffman explains that the consent issue relates to an April 16, 2018 procedure. Mr. Huffman attests that "Attachment 4," presumably a written consent document purportedly signed by Mr. Huffman (Doc. 58-4), "if [he] did sign the same" was signed before he discussed the procedure at issue with the resident physician or Dr. Turner. Doc. 61-1, ¶¶ 5-6. Mr. Huffman states that Dr. Turner informed him later that same day that a resident physician would be performing a surgical procedure on his right eye, but he was not informed of the risks and benefits of the procedure. Mr. Huffman attests that he did not sign a written consent after that discussion.

Critically, Mr. Huffman nowhere states that he did not consent, either orally or in writing, to the procedure that was performed on April 16, 2018. In fact, he does not even deny having signed the consent form. His complaint with the consent form is not that it was forged or that his signature was induced under false pretenses, but that he signed it before he had been informed of the risks and benefits of the procedure. He does not suggest that, once informed of the risks and benefits of the procedure, he attempted to withdraw his written consent. Mr. Huffman also states that he is "still unclear as to what procedure was performed on [his] right eye on or about April 16, 2018."

While the facts concerning Mr. Huffman's lack of knowledge or understanding concerning the procedure to which he submitted might have been relevant to an *informed* consent claim, they are not relevant to the *lack*-of-consent claim that Mr. Huffman seeks to assert here. As Mr. Huffman himself recognizes, informed consent and lack-of-consent claims are categorically different. *See, e.g.,* Doc. 61, p. 3 (conceding that a claim for lack of informed consent, unlike a claim for lack of consent, requires expert medical testimony). Indeed, they are inconsistent. *See Wuerz v. Huffaker*, 42 S.W.3d 652, 657 (Mo. App. 2001) ("Lack of consent and negligence in obtaining informed consent are inconsistent causes of action because a factual predicate for a lack of consent claim is a finding that the patient did not consent to the procedure, whereas the underlying factual predicate for a claim based on negligence in obtaining informed consent is consent to the procedure."). Because Mr. Huffman's arguments on this motion concern only lack of consent, not informed consent, see*, generally,* Doc. 53, pp. 1-2; Doc. 61, pp. 1-3, statements that suggest that Mr. Huffman consented before being given sufficient information concerning the risks of the procedure are irrelevant here.

Mr. Huffman's affidavit also appears to assume that his written consent to the April 2018 procedure was required, but consent to medical treatment need not be written—it can be oral or even implied. *See Devitre v. Orthopedic Ctr. of St. Louis, LLC*, 349 S.W.3d 327, 334 (Mo. 2011) ("Consent to medical treatment may be manifested in a number of ways: the patient may expressly consent by oral agreement or by signing a formal written permission; or the patient may give implied authority by conduct, such as by voluntary submission to the operation or by failure to object to it."). Mr. Huffman might have raised an issue of fact sufficient to defeat summary judgment if he had sworn that he did not consent in any fashion to the April 2018 procedure, or at least that he attempted to withdraw his written consent. *See id.* ("[A] plaintiff must plead and

prove that he or she did not give consent or that he or she withdrew consent."). But tellingly, he did not. Mr. Huffman's failure to attest that he withheld his consent to the April 2018 procedure is fatal to the lack-of-consent claim.

For the reasons discussed above, Mr. Huffman's motion, Doc. 53, for reconsideration of the order granting summary judgment to Defendant is denied.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: January 24, 2022
Jefferson City, Missouri